IN THE COURT OF APPEALS OF TENNESSEE

FILED

January 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DOROTHY RIDLEY, | ) | C/A NO. 03A01-9708-GS-00350 |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | APPEAL FROM THE BRADLEY |
| BARRY RIDLEY, | ) | COUNTY GENERAL SESSIONS COURT |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |
| RODNEY WHEELER and | ) | |
| SANDRA WHEELER, | ) | |
| | ) | |
| Intervening Petitioners | ) | HONORABLE C. VAN DEACON, |
| -Appellees. | ) | JUDGE |

For Appellant

DEBRA L. HOUSE
Southeast Tennessee Legal Services
Cleveland, Tennessee

For Appellees Wheelers

NO APPEARANCE

O P I N I O N

APPEAL DISMISSED
REMANDED

Susano, J.

In this case, we must decide if the order of the trial court, from which this appeal is being pursued, is properly before us. Our review of the record persuades us that it is not.

The parties Dorothy Ridley and Barry Ridley were divorced by judgment entered June 18, 1986. The record reflects a number of post-judgment filings, most of which are not germane to this appeal. What is relevant is the fact that the custody of one of the parties' children, Wayne Joseph Ridley (DOB: November 5, 1981), was placed with Rodney Wheeler and Sandra Wheeler in May, 1996. When this occurred, the appellant, Dorothy Buckner, the former Dorothy Ridley, was ordered to pay the Wheelers child support of $35 per week.

On May 16, 1996, Dorothy Buckner filed a "Petition to Modify Child Support." In the petition, she asserted that her sole income consisted of $352 per month in the form of Supplemental Security Income (SSI). She argued in her petition, and contends here, that SSI cannot be considered in determining income for the purpose of setting child support under the Child Support Guidelines promulgated pursuant to T.C.A. § 36-5-101(e)(2).

The record reflects that the trial court held hearings regarding the appellant's petition on May 24, 1996, October 11, 1996, and November 22, 1996. Following each hearing, the trial court "suspended" the appellant's child support obligation. The orders memorializing the first two hearings are each captioned "Interlocutory Order." The order entered following the last

2

hearing on November 22, 1996, is captioned "Final Order."  It is from that order, which was entered February 21, 1997, that Ms. Buckner is seeking to appeal.  The order of February 21, 1997, is attached as an appendix to this opinion.

In general terms, the Rules of Appellate Procedure recognize four possible "avenues" of appeal from a trial court's judgment: an appeal as of right from a "final" judgment under Rule 3(a), T.R.A.P.; an appeal as of right from a judgment designated by the trial court as a final judgment under Rule 54.02, Tenn.R.Civ.P.; an "interlocutory appeal by permission" as authorized by Rule 9, T.R.A.P.; and an "extraordinary appeal by permission" under Rule 10, T.R.A.P.

The order of February 21, 1997, is *not* a final judgment appealable as of right under Rule 3(a), T.R.A.P., despite the caption placed on that order by the trial court.  While that order granted the appellant some relief -- that the child support would "continue to be suspended" -- it clearly held in abeyance her request that she be extricated from her child support obligation *in toto*.  It is obvious from the order that something remains to be done before the trial court will *finally* act on the appellant's petition.  This can be seen from paragraph 4 of the order, which provides that the appellant "needs to provide proof of the assessment from the Department of Rehabilitation."  The order, considered as a whole, reflects that the trial court still has before it the appellant's request to terminate child support. It has not yet finally decided the issues raised by the petition.

3

We hold that this order is not appealable as of right under Rule 3(a), T.R.A.P.

The trial court has attempted to make the order of February 21, 1997, a final order. Paragraph 5 of the order -- "this shall be a Final Order for all purposes under the Tennessee Rules of Civil Procedure" -- clearly reflects the trial court's intention. However, the trial court's declaration cannot convert an interlocutory order into a final order unless such a conversion is authorized by Rule 54.02, Tenn.R.Civ.P. That rule only applies to cases involving multiple claims and/or multiple parties. In the instant case, there is *one* claim against two individuals -- the Wheelers; but, that one claim pertains to a *single* obligation -- child support -- that is payable to those two individuals as a unit. Since this case involves only one claim and does not involve claims against multiple parties, Rule 54.02, Tenn.R.Civ.P., does not apply. In view of the fact that the authority of a trial court to designate an interlocutory order as a final order is limited to factual scenarios falling within the language of the rule, the designation by the trial court in the instant case is not sufficient to make the instant order appealable as of right under Rule 54.02.

Before an interlocutory order can be appealed under Rule 9, T.R.A.P., a party seeking such an appeal must timely file a request in the trial court under the provisions of subsection (b) of the rule. Only if the trial court acts favorably on that application, and states "in writing the reasons" for doing so, is an appellate court authorized under the rule to grant an appeal

4

by permission.  The requirements of subsection (b) of the rule were not complied with in this case.  While we are authorized to suspend the requirements of Rule 9, we are not inclined to do so in this case.  *See* Rule 2, T.R.A.P.

Rule 10, T.R.A.P., authorizes an appeal by permission

> (1) if the lower court has so far departed
> from the accepted and usual course of
> judicial proceedings as to require immediate
> review, or (2)  if necessary for complete
> determination of the action on appeal as
> otherwise provided in these rules.

We do not find a basis for such an appeal in this case.

When a *true* final judgment has been entered in this case, finally disposing of the appellant's petition, she will then be in a position to appeal as of right under Rule 3(a) should she choose to do so.  The trial court is encouraged to expeditiously consider the appellant's petition so that a final judgment can be entered as soon as possible.  In addressing the appellant's petition, the trial court should consider the holding of this court in the case of **State ex rel. Holder v. Holder**, C/A No. 03A01-9105-GS-00156, 1991 WL 195068 (Court of Appeals at Knoxville, October 3, 1991).  ("The court is not at liberty to consider SSI benefits in determining and setting a parent's support obligation."  1991 WL 195068 at *6.)

This appeal is dismissed at the appellant's costs. This case is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion.

5

                                          _____
                                          Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.